**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

JEAN BAPTISTE MANASSE,

       Plaintiff,
v.

J & S BAGELS, LLC
D/B/A BAGELS & A WHOLE LOT MORE,
JEFFREY SINGER,
STACEY SINGER,

       Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, JEAN BAPTISTE MANASSE, brings this action against Defendants, J & S BAGELS, LLC D/B/A BAGELS & A WHOLE LOT MORE, JEFFREY SINGER, and STACEY SINGER, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff JEAN BAPTISTE MANASSE was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Defendant, J & S BAGELS, LLC D/B/A BAGELS & A WHOLE LOT MORE, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of restaurant operations, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

1

4.      Defendant, JEFFREY SINGER, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, J & S BAGELS, LLC D/B/A BAGELS & A WHOLE LOT MORE; said Defendant acted and acts directly in the interests of Defendant, J & S BAGELS, LLC D/B/A BAGELS & A WHOLE LOT MORE, in relation to said co-Defendant's employees. Defendant effectively dominates J & S BAGELS, LLC D/B/A BAGELS & A WHOLE LOT MORE administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, JEFFREY SINGER was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

5.      Defendant, STACEY SINGER, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, J & S BAGELS, LLC D/B/A BAGELS & A WHOLE LOT MORE; said Defendant acted and acts directly in the interests of Defendant, J & S BAGELS, LLC D/B/A BAGELS & A WHOLE LOT MORE, in relation to said co-Defendant's employees. Defendant effectively dominates J & S BAGELS, LLC D/B/A BAGELS & A WHOLE LOT MORE administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, STACEY SINGER was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

6.      In justifiable reliance upon Defendants' representations and promises, Plaintiff JEAN BAPTISTE MANASSE accepted employment and began working for Defendants as a busser and kitchen staff.

7.      During Plaintiff's employment, Defendants failed to pay Plaintiff the full and proper overtime wages of 1.5 times his regular rate of pay for each hour worked over 40 each week.

8. The records, if any, concerning the date range of Plaintiff's employment, the number of hours Plaintiff actually worked, and the compensation actually paid to Plaintiff are in the possession and/or control of Defendants; however, Plaintiff has attached a statement of claim as Exhibit A to provide initial estimates of the damages. These amounts may change as Plaintiff engages in the discovery process.

9. Defendants have knowingly and willfully refused to pay Plaintiff his wages.

10. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

11. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

12. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-11 above as if set forth herein in full.

13. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

14. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

## COUNT II
## <u>VIOLATION OF ANTI-RETALIATION PROVISION OF FLSA</u>
## <u>ALL DEFENDANTS</u>

15. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-14 above as if set forth herein in full.

16. On or about June 17, 2015, after Plaintiff's repeated complaints about Defendants' failure to pay Plaintiff the proper overtime wages for overtime hours worked, Defendants retaliated against Plaintiff by reducing Plaintiff's scheduled hours.

17. Defendants also retaliated against Plaintiff by creating a hostile work environment that included offensive remarks pertaining to Plaintiff's race and acting hostile towards Plaintiff which led to the constructive discharge of Plaintiff on or about July 7, 2015.

18. Defendants' conduct was retaliation in violation of 29 U.S.C. § 215(a)(3).

19. As a direct and proximate result of Defendants' violation of FLSA's Anti-Retaliation provision, Plaintiff has suffered losses and will suffer losses including, but not limited to, loss of wages, benefits, and other remuneration.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, including but not limited to, back and front pay, lost benefits, and other remuneration, and an additional equal amount as liquidated damages (see 29 U.S.C. § 216(b)), appropriate equitable relief, award of cost, fees, and such other remedy as the court deems just and appropriate.

    Respectfully submitted,

    Koz Law, P.A.
    320 S.E. 9th Street
    Fort Lauderdale, Florida 33316
    Phone: (786) 924-9929
    Fax:    (786) 358-6071
    Email: ekoz@kozlawfirm.com

    _/s/ Elliot A. Kozolchyk_
    Elliot Kozolchyk, Esq.
    Bar No.: 74791